UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOAQUIN I. FOY, | Case No. 16-CV-0454 (JNE/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| THE BILDERBERGERS; U.S. SECRET GOVT. OF U.S.A.; THE ONE WORLDERS; THE MULTI-ZILLIONAIRE FAMILIES; THE ROTHSCHILDS; THE ROCKEFELLERS; THE WARBURGS; THE CARNEGIES; THE HAPSBURGS; THE MORGANS; THE DEBEERS; THE OPPENHEIMERS; THE UNITED NATIONS - COUNCIL ON FOREIGN RELATIONS; THE TRILATERAL COMMISSION; THE BILDERBERGERS OF GENEVA - SWITZERLAND; THE F.B.I.; and THE C.I.A., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

In 2007, Plaintiff Joaquin I. Foy was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 by the United States District Court for the Western District of Missouri. *Foy v. Anderson,* Case No. 09-3085-CV-S-RED-H, 2009 WL 4057145, at *1 (W.D. Mo.

CASE 0:16-cv-00454-JNE-LIB   Document 3   Filed 03/17/16   Page 2 of 8


Nov. 23, 2009).[1]  He is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").

Foy has filed a lengthy and difficult to comprehend complaint raising claims against a perceived shadowy cabal of the powerful and rich that he believes is responsible for his civil detention. Foy did not pay the filing fee for this matter, but instead applied to proceed *in forma pauperis* ("IFP") in these proceedings. *See* Docket No. 2.

Foy qualifies financially for IFP status, but nevertheless, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

---

[1]Section 4246 allows for the civil commitment of a person in the custody of the Federal Bureau of Prisons whose custody is otherwise soon scheduled to expire, but who suffers "from a mental disease or defect as a result of which his release [from custody] would create a substantial risk of bodily injury to another person or serious damage to property of another . . . ." 18 U.S.C. § 4246(a).

Foy's complaint is defective with at least some of the defendants being fictional. This Court likely lacks personal jurisdiction over others. None of the individual defendants are specified by name. And none of Foy's claims are tied to misconduct on the part of any specific defendant; for example, Foy does not allege how the Rothschild family or the Trilateral Commission or the United Nations or anyone else has specifically harmed him in any way.

This Court recommends dismissal of Foy's complaint because on its face it is frivolous. *See Wilson v. Johnston*, 68 Fed. App'x 761, 761-62 (8th Cir. 2003) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992)). Moreover, because there is no conceivable basis on which Foy could ever bring claims relating to the conditions or legality of his confinement against any of the named defendants, fictional or otherwise, it is recommended that the Complaint be dismissed with prejudice.

Notwithstanding the foregoing, one matter requires further extended comment: Among the documents filed by Foy is a "petition for great writ of habeas corpus as presented by affidavit."[2] *See* Docket No. 1-100, at 1. The habeas petition, such as it presently is, is similarly incomprehensible on its face. However, this Court would be remiss if it did not note that Judge Krause of the Third Circuit Court of Appeals recently expressed her skepticism about the validity of Foy's ongoing civil commitment. *See United States v. Foy*, 803 F.3d 128, 137-44 (3d. Cir. 2015) (Krause, J., concurring in part and dissenting in part). The manner in which the question of the validity of Foy's detention reached the Third Circuit — Foy is after all, detained in Minnesota pursuant to an order of the Western District of Missouri — is worth explaining.

---

[2]No affidavit was, however, actually filed by Foy in support of the petition.

In 2003, the Eastern District of Pennsylvania ordered the temporary hospitalization of Foy pursuant to 18 U.S.C. § 4241(d) to determine his mental fitness to stand trial on charges that he had threatened a federal official. That court eventually determined that Foy was not fit to stand trial and would not attain competency in the foreseeable future. Consequently, a further evaluation was ordered to determine whether Foy should be indefinitely committed pursuant to 18 U.S.C. § 4246. Foy was transferred to the Federal Medical Center in Springfield, Missouri ("FMC-Springfield") for completion of the evaluation under § 4246. While at FMC-Springfield undergoing this evaluation, the government dismissed the criminal charges against Foy in the Eastern District of Pennsylvania and petitioned the Western District of Missouri (where FMC-Springfield is located) to initiate civil-commitment proceedings under § 4246. The Western District of Missouri determined that Foy's release would create a substantial risk of bodily injury to another person or serious damage to property of another, and therefore, it ordered him indefinitely committed under § 4246, as pointed out at the beginning of this Recommendation. Foy remains civilly committed today pursuant to that order.

In 2010, Foy moved for relief in the original Eastern District of Pennsylvania criminal matter under Fed. R. Civ. P. 60(d)(3) seeking release from his civil commitment. That motion was denied without comment by the district judge. Foy then appealed the denial to the Third Circuit, which vacated the Order and found that the district court lacked jurisdiction to consider the motion. The Eastern District of Pennsylvania did not have jurisdiction over Foy's motion however interpreted — whether as a motion under Rule 60, a request to begin proceedings under 18 U.S.C. § 4247(h) to establish that he was no longer a threat to others, a petition for post-conviction relief under § 2255, or a petition for a writ of habeas corpus under § 2241 — as no judgment had been entered

against Foy in that district, and it was the Western District of Missouri that had ordered him detained indefinitely, not the Eastern District of Pennsylvania. The Third Circuit thus remanded Foy's motion to be either dismissed without prejudice for lack of jurisdiction or transferred to the Western District of Missouri for further consideration. As mentioned, Judge Krause of the Third Circuit concurred that Foy's motion did not belong in Pennsylvania, but she also noted her "serious concerns that the Government has not complied with the statutory safeguards designed to prevent indefinite federal incarceration" and dissented insofar as she would have remanded with express instructions to transfer the matter. *Id.* at 137, 144.

Judge Krause described Foy's saga as "Kafkaesque" six months ago. *Id.* at 137. That description is no less apt for what has followed. Upon remand, the Eastern District of Pennsylvania transferred the "case" — assumedly meaning Foy's now-pending motion under Rule 60(d)(3), not the long-closed criminal proceedings — to the Western District of Missouri. Shortly after transfer, Foy filed a form document in the Western District of Missouri entitled "Notice of Appeal to the United States Court of Appeals for the Federal Circuit" that was largely nonsensical but also included a handwritten notation that "Missouri and Minnesota are both 8th Circuit Court [of] Appeals Jurisdiction."[3] The appeal was transmitted to the Eighth Circuit, which then directed that it be forwarded to the Federal Circuit, presumably because the form notice of appeal filed by Foy was addressed to that latter court. Questioning why it should hear the appeal, the Federal Circuit ordered the parties to show cause why the appeal should not be transferred back to the Eighth

---

[3]This Court assumes that Foy was attempting to appeal the transfer of the matter, although the notice of appeal is not explicit about this, and it is unclear why Foy would object to the transfer of his motion to a court of competent jurisdiction as determined by the Third Circuit.

Circuit. That Order to show cause is still awaiting response; Foy at present remains in custody at FMC-Rochester.

Returning now to Foy's cryptic petition for habeas corpus filed in this present matter: This Court is aware of the concerns regarding Foy's commitment raised by Judge Krause, and it further understands that "[n]othing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention." 18 U.S.C. § 4247(h). However, Foy's habeas claims cannot be considered in conjunction with this present lawsuit. First, Foy explicitly labels his complaint as raising civil-rights claims, and a litigant cannot combine civil-rights claims (such as conditions-of-confinement claims) and habeas claims in the same action. *See Spencer v. Haynes*, 774 F.3d 467, 470-71 (8th Cir. 2014). Second, and more importantly, the Eighth Circuit has instructed that § 4247(h) provides an alternative and preclusive remedy for individuals alleging that their civil detention is no longer necessary or legally appropriate. *See Archuleta v. Hedrick*, 365 F.3d 644, 648-49 (8th Cir. 2004). When the Eastern District of Pennsylvania transferred Foy's motion for relief to the Western District of Missouri, it was presumably for consideration as a motion under § 4247(h) — the basis for transfer to that particular court is unclear otherwise, as Foy was by then being detained in this District — and those § 4247(h) proceedings are still pending (although they have been temporarily stalled due to Foy's appeal now before the Federal Circuit). Consideration of Foy's habeas petition would unnecessarily intercede upon the Western District of Missouri — the court that Congress, through § 4247(h), has directed to consider the appropriateness of Foy's ongoing civil detention. Further, the litigation in Missouri regarding the legality of Foy's commitment preceded this case, and district courts generally step aside where parallel litigation in a court of competent jurisdiction

was earlier commenced. *Cf. Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) ("To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction."). Finally, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Matters relating to Foy's detention — and questions regarding the appropriate forum to litigate the legality of that detention — are currently pending on appeal.

In any event, Foy's "habeas petition" — a document scattered throughout a 154-page exhibit he attached to his present complaint — is not now properly before this Court. The matter that *is* properly before the Court today is Foy's putative civil-rights complaint against the Rockefellers, Hapsburgs, Carnegies, and the like. As explained earlier, that complaint is defective on its face, and this Court recommends dismissal of the complaint with prejudice on that basis. *See* 28 U.S.C. § 1915(e)(2)(B). Any questions concerning the legality of Foy's ongoing detention — that is, any issues requiring habeas review — must await another day, until the appeals concerning the legality of Foy's ongoing civil commitment and detention are resolved, until the Western District of Missouri completes its proceedings under § 4247(h), and until this Court is properly presented with a habeas petition from Foy.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITH PREJUDICE**.

    2.      Plaintiff Joaquin Irwin Foy's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Dated: March 17, 2016          /s/ Leo I. Brisbois
                                                 Leo I. Brisbois
                                                 U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.