UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joaquin Irwin Foy,

        Plaintiff,

v.

The Bilderbergers; U.S. Secret Govt. of U.S.A.; The One Worlders; The Multi-Zillionaire Families; The Rothschilds; The Rockefellers; The Warburgs; The Carnegies; The Hapsburgs; The Morgans; The DeBeers; The Oppenheimers; The United Nations – Council on Foreign Relations; The Trilateral Commission; The Bilderbergers of Geneva-Switzerland; The F.B.I.; and The C.I.A.,

        Defendants.

Civil No. 16-454 (JNE/LIB)
ORDER

On February 22, 2016, *pro se* plaintiff Joaquin Irwin Foy ("Foy") filed a Complaint [Dkt. No. 1] and Application to Proceed in District Court without Prepaying Fees or Costs [Dkt. No. 2]. In a Report and Recommendation dated March 17, 2016 [Dkt. No. 3], the Honorable Leo I. Brisbois, United States Magistrate Judge, recommended that the Court dismiss this action with prejudice and deny the application to proceed *in forma pauperis* ("IFP"). On March 29, 2016, Foy filed a document titled "Objections/Rebuttal/Rejections/Traverse" to the Report and Recommendation [Dkt. No. 4]. This filing contains no intelligible objections to the Report and Recommendation. *See* D. Minn. L.R. 72.2(b) (requiring "specific written objections" to a Report and Recommendation); *see also* Fed. R. Civ. P. 72(b) (providing for *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to"). The Court has nonetheless conducted a *de novo* review of the record and now adopts the conclusions of the Report and Recommendation in part as stated below.

As explained in the Report and Recommendation, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted, as assessed under applicable standards. 28 U.S.C. § 1915(e)(2)(B)(ii); *see* Dkt. No. 3, at 2. Even *pro se* complaints "must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court also "shall dismiss the case at any time if the court determines that" the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court accepts the recommendation to dismiss this case and deny the IFP application because the Complaint on its face is frivolous and fails to state a cause of action upon which relief may be granted. *See Wilson v. Johnston*, 68 Fed. App'x 761, 761 (8th Cir. 2003) (per curiam); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (explaining that 28 U.S.C. § 1915 authorizes judges to dismiss complaints "whose factual contentions are clearly baseless," including claims describing "fantastic" scenarios). Foy's Complaint is styled as a civil rights action, asserting violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and citing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Compl. 1. But it contains no plausible allegations. The Complaint consists of a non-cohesive collection of typewritten pages, photocopies from what appear to be publications, and handwritten comments. As the Report and Recommendation notes, the Complaint is difficult to comprehend and lacks specificity. It alleges farfetched conspiracies involving various arms of government and families in the United States and foreign countries without articulating any connections to Foy personally, and names unrecognizable parties like "the One Worlders" and "the multi-zillionaire families."

Construing the Complaint liberally, the Court also notes, as did the Report and Recommendation, that in an attachment to the Complaint, Foy arguably presents his claims as a

"Petition for Great Writ of Habeas Corpus." *See* Dkt. No. 1-1, at 1. The Court is aware that Foy "is civilly committed at the Federal Medical Center in Rochester, Minnesota under an order that was entered by the United States District Court for the Western District of Missouri and affirmed by the Eighth Circuit Court of Appeals." *Foy v. U.S. Gov't*, Civ. No. 15-1901 (JNE/LIB), Dkt. No. 9, at 1 (D. Minn. May 7, 2015).[1] Given this background, and in view of some of the few particularized allegations in the Complaint, the Court concludes that Foy's Complaint could be construed at least in part as a petition for a writ of habeas corpus. For example, Foy alleges that even though he has "passed approximately 10-risk assessment panel hearings on dangerousness with flying colors . . . and ha[s] been found non-dangerous to society," certain unnamed "American psyche [doctors] won't release [him] with an unconditional release." Compl. 4; *see also* Dkt. No. 4, at 2.

Construing the allegations as a habeas petition, however, would not change the result. First, the allegations are still so sparse and unsupported that they fail to state a cause of action upon which relief can be granted. Foy does not even allege in his Complaint that he has been civilly committed, although the Court is aware of this fact because of his previous petitions before it. Moreover, construing the Complaint as a writ of habeas corpus would provide an alternative reason for dismissing the action. This Court cannot consider a petition to challenge Foy's civil commitment, because "habeas corpus is an extraordinary remedy typically available

---

[1] To the extent that this Complaint is a habeas petition, it is the fifth such petition Foy has filed in this district; his previous four petitions have all been denied. *See Foy v. Jett*, Civ. No. 14-1518 (JNE/LIB), Dkt. No. 17 (D. Minn. July 31, 2014), *affirmed*, No. 14-2695 (8th Cir. Oct. 31, 2014); *Foy v. Jett*, Civ. No. 14-5063 (JNE/LIB), Dkt. No. 6 (D. Minn. Feb. 3, 2015); *Foy v. U.S. Gov't*, Civ. No. 15-1901 (JNE/LIB), Dkt. No. 9 (D. Minn. May 7, 2015); *Foy v. Jett*, Civ. No. 15-2326 (JNE/LIB), Dkt. No. 5 (D. Minn. June 12, 2015)*, affirmed*, No. 15-2449 (8th Cir. Sept. 1, 2015). Additional background on Foy's civil commitment and related litigation, though not necessary to this decision, can be found in the dockets of these previous District of Minnesota actions and in opinions in other jurisdictions (*e.g.*, *United States v. Foy*, 803 F.3d 128 (3d Cir. 2015)).

only when 'the petitioner has no other remedy,'" and Foy can challenge his civil commitment under 18 U.S.C. § 4247(h) by filing a motion with the court that ordered the commitment. *See Archuleta v. Hedrick*, 365 F.3d 644, 648-49 (8th Cir. 2004). The court that ordered Foy's civil commitment is not in the District of Minnesota. Thus, even construing Foy's Complaint as a habeas petition, the Court would dismiss this action.

Finally, the Court has already twice cautioned Foy that the Court would consider barring him from filing any new *pro se* actions in this District relating to his civil commitment without pre-authorization from a judge. *U.S. Gov't*, Civ. No. 15-1901 (JNE/LIB), Dkt. No. 9, at 2; *Jett*, Civ. No. 15-2326 (JNE/LIB), Dkt. No. 5, at 1-2. In light of its finding that this most recent action, too, is frivolous, the Court now prohibits Foy from commencing further actions in this District relating to his civil commitment unless he is represented by counsel or obtains prior written authorization from a United States Magistrate Judge. *See, e.g.*, *Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991).

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Joaquin Irwin Foy's application to proceed *in forma pauperis* [Dkt. No. 2] is DENIED.

3. Plaintiff Joaquin Irwin Foy is prohibited from filing additional actions in this District relating to his civil commitment unless he is represented by counsel or obtains prior written authorization from a United States Magistrate Judge.

Dated: May 6, 2016                                s/ Joan N. Ericksen
                                                                     JOAN N. ERICKSEN
                                                                     United States District Judge